THE INHABITANTS OF THE TOWNSHIP OF FRANKLIN

*v.*

THE NUTLEY WATER COMPANY.

1. Under the General Water Company act, April 26th, 1876 (*Rev. Sup. p. 650 &c.*), amended March 5th, 1884 (*Rev. Sup. p. 653*), the consent of the township committee of the township in which the water-pipes are to be laid is a condition precedent to the right to lay the pipes in the public streets or roads of the township.

2. The consent of the township authorities to the incorporation of the water company under the second section of the act, does not relieve the water company from the necessity of obtaining the additional consent of the corporation to the laying of the pipes in the streets, which is, by the second proviso of the twelfth section, expressly made a condition precedent to the right to lay pipes in the streets.

3. Where such right of previous consent to the use of public streets is conferred by statute upon a municipality, it is entitled to a preliminary injunction to prevent the laying of pipes without consent, as the only method of securing to it a full, adequate and complete protection of its public right. *Raritan Township* v. *Port Reading Railroad Co., 4 Dick. Ch. Rep. 11,* and *American Union Telegraph Co.* v. *Town of Harrison, 4 Stew. Eq. 627,* distinguished.

---

On motion for preliminary injunction. Heard on bill, affidavits and answer and affidavits.

*Mr. Alfred F. Skinner* and *Mr. Joseph Coult,* for the complainants.

*Mr. Benjamin A. Vail* and *Mr. Joseph L. Munn,* for the defendant.

Township of Franklin v. Nutley Water Co.

EMERY, V. C.

The bill in this case is filed by the inhabitants of the township of Franklin, in the county of Essex, against the Nutley Water Company, to restrain the defendant from laying its water-pipes in certain portions of streets of the township without obtaining the consent of the township committee, and from obstructing the streets for this purpose without such consent. The answer admits the intention of the water company to lay the pipes in these streets without obtaining such consent, and claims the right to lay the pipes without the consent of the township committee, and to obstruct the streets, to the extent necessary for this purpose. This obstruction, as the defendant claims, will not be more than ten days' obstruction on one side of the street, and will not be sufficient to prevent travel on the remaining portion of the streets. On this application for preliminary injunction there are, as I consider the case, two questions involved—*first*, whether the company is required by statute to obtain the consent of the township committee to laying these pipes; and if such statutory consent is imposed, then, *second*, whether the township, for the protection of this statutory right, is entitled to a preliminary injunction.

As to the first question, I consider it clear that the statute under which the water company was organized and is operating expressly requires the previous consent of the township committee. The water company was incorporated in 1889, under the act entitled "An act for the construction, maintenance and operation of water works for the purpose of supplying cities, towns and villages of this state with water," approved April 26th, 1876 (*P. L. of 1876 p. 318; Rev. Sup. p. 650 &c.*), and the act of March 5th, 1884 (*P. L. of 1884 p. 42; Rev. Sup. p. 653*), amending the same. This act, thus amended, authorized, by its first section, the formation of a company for the purpose of constructing, maintaining and operating water works in any city, town, township, village or seaside resort in this state having a population of not more than fifteen thousand nor less than five hundred inhabitants, and for the purpose of supplying such city, town, township, village or seaside resort and the inhabitants thereof with water.

Township of Franklin *v.* Nutley Water Co.

The second section of the act (*Rev. Sup. p. 650*) requires the persons desirous of forming the company to execute a certificate stating the corporate name of the company, the amount of the capital stock, term of existence, number of directors, the managers of the company for the first year, and the name of the town, city or village in or for which such works are to be constructed and the business of the company carried on. This section then further provides—

"Such certificate shall be filed in the office of the secretary of state, together with the consent, in writing, of the corporate authorities, if any, of the town or city proposed to be supplied with water."

Section 3 provides—

"When such certificate and consent shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic and corporate, and shall have power as such, to take and divert any and all such springs and streams of water and build, erect, alter, repair, enlarge and maintain all such reservoirs and works and lay down all such pipes and conduits for water, at such times and in such places as shall be necessary and proper to enable said corporation to carry into effect the purposes of its corporation."

This section does not expressly regulate the right of the company in the public streets or highways, and as to this subject (*Rev. Sup. p. 652 § 12*), provides—

"That such company be and they are hereby fully authorized and empowered to lay their pipes beneath such public roads, streets, avenues and alleys, as they may deem necessary for the purposes aforesaid, free from all charge to be made by any person or persons or body politic whatsoever for said privileges, and also such hydrants at the crossings or intersection of said streets or alleys; *provided*, that the said pipes shall be laid at least three feet below the surface of the same, and shall not in any wise unnecessarily obstruct or interfere with the public travel or damage public or private property; *and provided*, that the consent shall be obtained of the corporate authorities, if any there be, of any town through which the same may be laid."

The water company was incorporated in 1889 pursuant to the provisions of the second section, its certificate containing merely the particulars especially required by the section, and to this

certificate was annexed the consent of the township committee of the complainants to the incorporation; no terms or conditions were imposed by the township in giving its consent.

Subsequent to the incorporation, and previous to March, 1895, the water company, before laying its pipes in any of the streets or roads of the township, applied to the township committee for its consent, and procured this consent before laying its pipes. It applied again in March, 1895, for permission to lay its pipes in certain streets for the purpose of connecting with the mains of the East Jersey Water Company, but this permission not having been granted, the water company now claims that the consent or permission applied for is not necessary, and it had placed its pipes along the disputed streets for the purpose of laying them, when it was enjoined by the *ad interim* stay ordered on filing the bill. In addition to the statutory right of previous consent claimed to have been conferred by the provision in the twelfth section of the Water act, the township also claims additional statutory right to previous consent by virtue of the act of 1893 (*P. L. of 1893 ch. 70*), increasing the power of township committees. This act provides (section 1, paragraph 6) that the township committees of the several townships of this state shall thereafter have power (among other things): "To lay and regulate, or prohibit the laying of water or gas or sewer pipes in or under the streets and roads or any part thereof in said township." And the act further provides (section 2) that to enforce these provisions the township committees may pass such ordinances as they shall think proper to carry into effect the powers conferred for this and other purposes of the act. The township committee, as appears by the affidavit to the bill, have passed an ordinance regulating the use of the streets under this act, and declaring that no person or persons shall use or obstruct the streets, lanes, alleys or public grounds of the said township, or break up or displace any pavement therein for the purpose of placing water-pipes or making connection therewith without the consent of the township committee first had and obtained. The complainants complain that, even if their previous consent is not required under the twelfth section of the Water act incorporating water

companies, yet the act of 1893 is to be considered as a further legislative modification of the right of the water company to lay pipes in townships after the passage of this act, and that the act of 1893, with the ordinance thereunder, gives the complainants an express statutory right of previous consent.

Upon the question of the statutory rights of the complainants and defendant with reference to this consent of the township committee, my opinion is that the second proviso of the twelfth section applies to the case, and that by the statute incorporating the defendant, and which it accepted as its charter, the consent of the township committee must therefore be obtained previous to the laying of the pipes in the streets in question. The contention of the defendant is, that the consent of the township to the incorporation of the company, given under the second section of the act, when filed with the certificate, gave it, by virtue of the third section, the power to lay its pipes under the streets of the township, without any further or additional consent. But it is clear, I think, that the consent of the township to the formation of a company under the second section relates to a different object from the consent required under the twelfth section, and the consents specified in the two sections are treated as distinct and different consents in *Davis* v. *Harrison, 17 Vr. 84.*

The legislature having expressly made the consent of the municipality a condition precedent to the exercise of the power to use the public streets granted to the company in the twelfth section, and the consent to the incorporation specified in the section section, being beyond any question applicable to some objects other than the conditions for the use of the streets by the company, I have no right to conclude that the express consent of the twelfth section embraced only matters included by implication in the consent under the second section, and must therefore be eliminated from this section of the statute by judicial construction. That the word "town" in this proviso of the twelfth section includes townships is established by the rule laid down in *Brown* v. *East Orange, 20 Vr. 104 (Supreme Court, 1887),* and the cases there cited.

The previous consent of the township committee being thus

required as a statutory condition of exercising the defendant's franchise upon the highways under the committee's charge, an injunction against the use without such previous consent, seems to be the only way of affording a full, complete and adequate remedy to the township for enjoyment of their statutory rights. Neither an indictment nor an action of ejectment is an effectual remedy for securing to the township committee the full benefits of the right of previous consent, which the legislature has conferred on them for public purposes and upon public trusts.

The same previous consent of the authorities is required in the laying of gas-pipes (*Rev. p. 462 § 17*) and for the operation of trolleys (*P. L. of 1893 ch. 182 § 1*), and of street railways, act of March 14th, 1893 (*P. L. of 1893 p. 302*), May 16th, 1894 (*P. L. of 1894 p. 374*), and in relation to other franchises which require the use of the public streets.

For the full protection of the statutory rights of the municipalities, a preliminary injunction is necessary, and in this respect the case rests upon the same basis as the right of the court of equity to interfere by preliminary injunction where a public company, under cover of statutory authority, attempts to appropriate the lands of another without complying with the legal conditions precedent, either constitutional or statutory. *Ross* v. *Elizabethtown and Somerville Railroad Co., 1 Gr. Ch. 422; Browning* v. *Camden and Woodbury Railroad Co., 3 Gr. Ch. 47; Higbee* v. *Railroad Company, 4 C. E. Gr. 276; Morris Canal and Banking Co.* v. *Jersey City, 11 C. E. Gr. 294.* In each of these cases a preliminary injunction was granted, and this exercise of the jurisdiction was approved in *Hart* v. *Leonard, 15 Stew. Eq. 417, 419 (Errors and Appeals, 1886)*. The right of a court of equity to interfere by injunction in cases where consent is required by statute, is also recognized by the following cases: *Mayor of Davenport* v. *Plymouth &c. Tramways Co., 52 L. T. R. 161*, cited *Mews Sup. Dig. 989*, where a preliminary injunction was granted; *Wandsworth Board of Works* v. *United Telephone Co., 13 Q. B. Div. 904 (Court of Appeals, 1884)*; see opinions of Brett, M. R. (at *p. 907*), and Bowen, L. J. (at *p. 924*), as to right of injunction if consent is required

Township of Franklin v. Nutley Water Co.

by statute, without regard to amount of injury. *Township of Plymouth* v. *Chestnut Hill &c. Railway Co., 32 Atl. Rep. 19.* Where the statutory right is clear, it seems to me it would imperil the public control of highways and deprive municipalities of the powers and advantages intended to be given by statutes, if, on the mere claim of right to occupy the streets without consent, this court should decline to interfere pending the final determination upon the claim.

A preliminary injunction restraining interference pending final hearing, is the more equitable in this case for the reason that hitherto the company has always applied for this consent, and has never laid its pipes without obtaining the consent. This practical construction of the law, made by the parties while granting and receiving valuable privileges, upon the basis of the right and necessity of the municipal consent, should be continued, I think, until the right is determined on final hearing.

The cases relied on by the defendant's counsel (*Township of Raritan* v. *Port Reading Railroad Co., 4 Dick. Ch. Rep. 11* (*Chancellor McGill, 1891*), and *American Union Telegraph Co.* v. *Town of Harrison, 4 Stew. Eq. 627 (Vice-Chancellor Van Fleet, 1879*) differ from the present case, in that no right of consent was conferred by the statute in either case, and in the first case an indictment for the alleged obstruction was, under the circumstances of the case and the previous decisions of the court, an effective remedy. In the latter case the township had only the right of designating the route or location of the poles without the right to prohibit, or refuse consent, or impose conditions. Where a constitutional or statutory right of previous consent is conferred upon the municipality, its authorities are entitled to the right of affixing such lawful conditions as the public interests require, before the exercise of the right to lay the pipes, which are only conferred upon the company on the condition of previously procuring such consent.

Nor does the granting of a preliminary injunction in this case for the purpose of securing these municipal rights disregard the rule emphasized in *Haggerty* v. *Lee, 18 Stew. Eq. 255 (Errors and Appeals, 1889*), that a preliminary injunction will not be

granted where either the complainant's right is in doubt, or where the injury which may result from the invasion of that right. is not irreparable. That case and the cases cited in the opinion were all cases where the injury was to private property or interest. They do not, as I understand the rule, apply to cases where the defendant is attempting to exercise statutory powers without complying with express and clear conditions precedent. In this class of cases the right has always been protected by preliminary injunction. *Ross* v. *Elizabethtown and Somerville Railroad Co. and other cases, supra.*

I should add that in granting this injunction I proceed upon the basis that the bill is to be treated as a bill to enforce the law requiring consent of the township. There is one allegation in the bill that this law under which the defendant claims its right to lay pipes in the streets is unconstitutional, and this claim was insisted on at the argument by counsel for complainant. But the application for preliminary injunction, based on the theory that the defendant, with the consent of the township authorities, had been for several years appropriating portions of the street without any legal existence or claim of right, would evidently involve considerations different from those upon which I have relied in treating the bill as a bill to enforce and not to set aside the law.

I will advise that an injunction issue against laying the pipes without the complainant's consent, on the terms that if the defendant desires to appeal the complainant must consent that the appeal may be heard at the present term.